UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MCGRAW HILL LLC, BEDFORD, FREEMAN & :
WORTH PUBLISHING GROUP, LLC, :
ELSEVIER INC., PEARSON EDUCATION, :
INC., and CENGAGE LEARNING, INC., : 20-cv-00356 (LJL)
:
      Plaintiffs, : MEMORANDUM OPINION
: AND ORDER
  -v- :
:
DOE 1 d/b/a ABETTERDEAL3, DAPROPHITT, and :
NICENICHE; DOE 2 d/b/a/ TRADY34, DOE 3 d/b/a :
USGOODSELLER99, DOE 4 d/b/a JESKATBOOKS, :
FATBOOKS, and CADABRA STORE, DOE 5 d/b/a :
SHAREYOURFEELINGS and SHARE YOUR :
FEELINGS, DOE 6 d/b/a JENNYLUO897, MIHOYO, :
and GOODIES897, DOE 7 d/b/a DAYSDISCOUNT, :
DOE 8 d/b/a THE-BOOKLIFE and THE-BOOK-LIFE, :
DOE 9 d/b/a FAIRDEALS_73, GRACIAS18, :
ZENITHBOOKS, and DELHIBOOKSTORE2017, :
SANJAY MITTAL, DENIS OKHMAN, JULIE HALE, :
NATHAN HALE, BURHAN AYDIN, OZODBEK :
ABDULAZIZOV, HAFIZE BUDAK, BENJAMIN :
LEVY, STEVEN NOE, BUY IT NOW BARGAINS :
LLC, and FIVE TO ONE LIQUIDATORS, LLC, :
:
      Defendants. :
:
------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   On February 11, 2020, the Court heard the parties on Plaintiffs' application for a preliminary injunction. At that hearing, Plaintiffs and Defendants Buy It Now Bargains LLC and Five To One Liquidators, LLC agreed on the form of a stipulated preliminary injunction binding those parties. Plaintiffs presented a form of preliminary injunction binding the remaining Defendants. No party opposed the entry of Plaintiffs' proposed preliminary injunction as to the remaining Defendants. The Court nonetheless suggested certain edits to the proposed

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2020

preliminary injunction and to the stipulated preliminary injunctions necessary to ensure that they conformed to the terms of Rule 65 of the Federal Rules of Civil Procedure.  Later, on February 11, 2020, Plaintiffs submitted a revised proposed preliminary injunction and revised stipulated preliminary injunctions that addressed the majority of the concerns that the Court raised.  *See* Dkt. Nos. 33-1, 34, 35.

This memorandum opinion addresses the remaining issue.  Plaintiffs' proposed and stipulated preliminary injunctions contain language that would bind not only the persons specifically identified in Rule 65(d) but also "service providers to Defendants who receive actual notice of this injunction and operate or control accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works."  By its terms, Rule 65(d)(2) provides that an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  At the hearing, the Court asked Plaintiffs for authority for the proposition that the Court could explicitly name "service providers" in the proposed and stipulated preliminary injunctions notwithstanding the language of Rule 65(d)(2).  Plaintiffs were unable to provide authority at the hearing, but the Court gave them leave to supply authority by letter submission.  Plaintiffs did so.  *See* Dkt. No. 33.

The Court is not convinced by the authority submitted by Plaintiffs.  That authority would appear to support the proposition that persons with actual notice of a subpoena who aid and abet a defendant in violating it would be considered to be persons "in active concert and participation" with the defendant and thus potentially liable  in the form of contempt for such violation. *See Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2016).  It also supports the proposition that a non-party who has actual knowledge of a judicial decree and

engages in conduct to violate it for the benefit of, or to assist, a party subject to the decree would be considered to be "in active concert" and thus liable for a violation of the decree the same as if the non-party was a party defendant. *Id.* It is also agreed, however, that "a court 'cannot lawfully enjoin the world at large, no matter how broadly it words its decree.'" *Id.* at 35 (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (Hand, J.)).

The Court declines to prejudge at this point whether service providers who receive notice would fall into the category of persons "in active concert or participation." If Plaintiffs are correct, they do not need the language at issue; all persons in active concert or participation are bound regardless of whether the service providers are singled out or not. If, on the other hand, Plaintiffs are incorrect and not every service provider would be deemed to be in active concert or participation, the Court would have strayed beyond the limits of Rule 65 and bound a person without affording an opportunity to be heard. The Court is not prepared to do so.

No inference should be drawn from the fact that the Court has stricken the language. The same logic applies to the language the Court has stricken in Paragraph 4 of the proposed preliminary injunction and Paragraph 5 of the stipulated preliminary injunctions. *See* Dkt. Nos. 33-1, 34, 35 ("This provision also extends to service providers to Defendants or other relevant third parties with actual notice of this preliminary injunction who have in their possession, custody, or control any of Plaintiffs' Works held on behalf of or in association with any Defendant."). If Plaintiffs are correct and service providers with notice constitute persons in active concert, that language is surplusage and not necessary to bind the service providers.

SO ORDERED.

Dated: February 12, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge