UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC; ELSEVIER INC.; PEARSON EDUCATION, INC.; AND CENGAGE LEARNING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1 D/B/A ABETTERDEAL3, DAPROPHITT, AND NICENICHE; DOE 2 D/B/A TRADY34; DOE 3 D/B/A USGOODSELLER99; DOE 4 D/B/A JESKATBOOKS, FATBOOKS, AND CADABRA STORE; DOE 5 D/B/A SHAREYOURFEELINGS AND SHARE YOUR FEELINGS; DOE 6 D/B/A JENNYLUO897, MIHOYO, AND GOODIES897; DOE 7 D/B/A DAYSDISCOUNT; DOE 8 D/B/A THE-BOOK-LIFE AND THE-BOOK-LIFE; DOE 9 D/B/A FAIRDEALS_73, GRACIAS18, ZENITHBOOKS, AND DELHIBOOKSTORE2017; SANJAY MITTAL; DENIS OKHMAN; JULIE HALE; NATHAN HALE; BURHAN AYDIN; OZODBEK ABDULAZIZOV; HAFIZE BUDAK; BENJAMIN LEVY; STEVEN NOE; BUY IT NOW BARGAINS LLC; AND FIVE TO ONE LIQUIDATORS, LLC,<br><br>Defendants. | Civil Action No. 1:20-cv-356-LL<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __2/12/2020__ |

## [PROPOSED] PRELIMINARY INJUNCTION

McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC, Elsevier Inc., Pearson Education, Inc., and Cengage Learning, Inc. (collectively, "Plaintiffs") have moved against Defendants Doe 1 d/b/a abetterdeal3, daprophitt, and niceniche, Doe 2 d/b/a trady34, Doe 3 d/b/a usgoodseller99, Doe 4 d/b/a jeskatbooks, fatbooks, and Cadabra Store, Doe 5 d/b/a

shareyourfeelings and SHARE YOUR FEELINGS, Doe 6 d/b/a jennyluo897, mihoyo, and Goodies897, Doe 7 d/b/a daysdiscount, Doe 8 d/b/a the-book-life and the-book-life, Doe 9 d/b/a fairdeals_73, gracias18, Zenithbooks, and delhibookstore2017, Sanjay Mittal, Denis Okhman, Julie Hale, Nathan Hale, Burhan Aydin, Ozodbek Abdulazizov, Hafize Budak, Benjamin Levy, and Steven Noe (hereinafter, collectively the "Defendants," and each a "Defendant") for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are distributing, offering for sale and/or selling counterfeits of Plaintiffs' textbooks, *i.e.*, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, and the entire record herein, and having held a hearing on the Order to Show Cause on February 11, 2020, hereby makes the following findings of fact and conclusions of law:

A. Plaintiffs have served Defendants with the Complaint and Exhibits A-C, the Court's January 15, 2020 Ex Parte Order ("Ex Parte Order"), and Plaintiffs' supporting papers in connection with the Ex Parte Order. *See* ECF No. 16.

B. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants distribute, offer for sale and/or sell counterfeits of Plaintiffs' textbooks through highly interactive websites that are continuously accessible to New York consumers and/or have sold such counterfeits to New York consumers, and Plaintiffs have been injured in New York by Defendants' infringing conduct.

C. Plaintiffs are likely to succeed in showing that Defendants have infringed and are

2

continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks, including via the following online storefronts:

(1) BML1234 (Amazon ID A2EL86RL5S3QLK)

(2) eventful_shoppin (eBay URL https://www.ebay.com/usr/eventful_shoppin)

(3) eventfulshoppin (eBay URL https://www.ebay.com/usr/eventfulshoppin)

(4) Faith Bookstore (Amazon ID ACKQ4HXXAUOKU)

(5) eaglewing1263 (eBay URL http://www.ebay.com/usr/eaglewing1263)

(6) jokhseller (eBay URL https://www.ebay.com/usr/jokhseller)

(7) abetterdeal3 (eBay URL http://www.ebay.com/usr/abetterdeal3)

(8) daprophitt (eBay URL https://www.ebay.com/usr/daprophitt)

(9) niceniche (eBay URL https://www.ebay.com/usr/niceniche)

(10) trady34 (eBay URL https://www.ebay.com/usr/trady34)

(11) usgoodseller99 (eBay URL https://www.ebay.com/usr/usgoodseller99)

(12) Cadabra Store (Amazon ID AP0XTDT85Z4EZ)

(13) fatbooks (eBay URL http://www.ebay.com/usr/fatbooks)

(14) jeskatbooks (eBay URL http://myworld.ebay.com/jeskatbooks)

(15) SHARE YOUR FEELINGS (Amazon ID AYXY71WIG3KX6)

(16) shareyourfeelings (eBay URL https://www.ebay.com/usr/shareyourfeelings)

(17) Goodies897 (Amazon ID A34ZQ8890WXKKW)

(18) jennyluo897 (eBay URL http://www.ebay.com/usr/jennyluo897)

(19) mihoyo (eBay URL https://www.ebay.com/usr/mihoyo)

(20) daysdiscount (eBay URL https://www.ebay.com/usr/daysdiscount)

(21) the-book-life (Amazon ID A2H8S5581M9RKM)

(22) the-book-life (eBay URL http://myworld.ebay.com/the-book-life)

(23) Zenithbooks (Amazon ID A1H05FQKD4UTGN)

(24) delhibookstore2017 (eBay URL http://myworld.ebay.com/delhibookstore2017)

(25) fairdeals_73 (eBay URL https://www.ebay.com/usr/fairdeals_73)

(26) gracias18 (eBay URL https://www.ebay.com/usr/gracias18)

(27) The Quality Books (Amazon ID ARTXTZBFJLYL4)

(28) quality-books (eBay URL https://www.ebay.com/usr/quality-books)

(29) goopas82 (eBay URL https://www.ebay.com/usr/goopas82)

(30) spooliejulie (eBay URL https://www.ebay.com/usr/spooliejulie)

(31) West_Books (Amazon ID A1BB2PUG3UKRNS)

(32) mirah_us2015 (eBay URL https://www.ebay.com/usr/mirah_us2015)

(33) smittal (eBay URL http://www.ebay.com/usr/smittal)

(34) loo_kevi (eBay URL https://www.ebay.com/usr/loo_kevi)

(collectively, the "Online Storefronts"). Defendants operate the Online Storefronts on the eBay.com marketplace, as well as on Amazon.com.

D. The distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks will likely result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

E. The balance of potential harm to Defendants, if any, if a preliminary injunction is issued is outweighed by the harm to Plaintiffs, their businesses, and the value and goodwill associated with Plaintiffs' copyrights and trademarks if a preliminary injunction is not issued. Defendants would not be harmed by being prevented from continuing to profit from illegal and infringing activities.

F. Public interest favors issuance of a preliminary injunction in order to protect Plaintiffs' interests in and to their respective copyrights and trademarks, and to protect the public

from being deceived and defrauded by Defendants' counterfeit copies of Plaintiffs' higher-education textbooks.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), i.e. any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (also attached hereto as **Appendix A)** (the "Imprints");

   b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, i.e. the trademarks identified on Exhibit C to the Complaint (also attached hereto as **Appendix B)** and/or associated with the Imprints on Appendix A ("Plaintiffs' Marks");

   c) Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), selling, offering for sale, advertising, marketing, and/or promoting counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

   d) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, reproduce, import, distribute, sell, offer for sale, advertise, market and/or promote counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks. and

2. Defendants, their officers, agents, servants, employees, and attorneys, all those in active concert or participation with any of them who receive actual notice of this injunction, ~~including those service providers to Defendants who receive actual notice of this injunction and operate or control accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works ("Defendants' Accounts"),~~ must immediately locate all accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works ("Defendants' Accounts")

5

~~Defendants' Accounts~~ and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts (or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of), pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts with Online Marketplaces; and (b) Defendants' accounts with banks, financial institutions, PayPal, Inc., or other payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Online Storefronts.

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this preliminary injunction, are enjoined from selling, distributing, transferring, and listing for sale all copies of Plaintiffs' Works pending an inspection by Plaintiffs, as provided below.

4. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this preliminary injunction, must immediately locate all physical copies of Plaintiffs' Works that are within Defendants' possession, custody, or control, or held on behalf of or in association with any Defendant, and immediately cease selling, distributing, transferring, listing for sale, or disposing of such copies of Plaintiffs' Works pending an inspection by Plaintiffs, as provided below. ~~This provision also extends to service providers to Defendants or other relevant third parties with actual notice of this preliminary injunction who have in their possession, custody, or control any of Plaintiffs' Works held on behalf of or in association with any Defendant.~~ Any copies of Plaintiffs' Works determined by Plaintiffs during such inspections not to be counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this preliminary injunction.

5. To facilitate the prompt inspection of Plaintiffs' Works, each Defendant shall provide to Plaintiffs (to the extent not already provided) a list of all physical copies of Plaintiffs' Works (the "Books") held by such Defendant or by a third party on behalf of or in association with the Defendant. Plaintiffs shall identify to the respective Defendant and, as appropriate, any third party, all of the Books that Plaintiffs intend to inspect (the "Inspection Notice"). Within seven (7) days of receiving an Inspection Notice, each Defendant shall cause Plaintiffs' Books identified on the Inspection Notice to be shipped to Plaintiffs' counsel for purposes of conducting the inspection.

6. Plaintiffs shall conduct the inspection promptly and provide their findings to each respective Defendant (the "Determination Notice"). Plaintiffs shall promptly return to each respective Defendant any Books on the Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks"). The Unrestrained Textbooks and any Books that are not identified on the Inspection Notice shall be exempt from paragraph 4 of this preliminary injunction. However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that such corresponding Books are authentic.

7. Plaintiffs' counsel shall hold and preserve as evidence all Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks"), as identified in a Determination Notice, until this matter is concluded as to the respective Defendant. If requested by a Defendant, Plaintiffs shall make the Counterfeit Textbooks available to the respective Defendant for inspection at a time mutually convenient to Plaintiffs and such Defendant.

IT IS FURTHER ORDERED that the Court's Expedited Discovery Order contained in the Ex Parte Order shall remain in effect until further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until further order of the Court.

SO ORDERED this 2ʳᵈ day of February, 2020.

_____
LEWIS J. LIMAN
United States District Judge

## APPENDIX A: PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN AND WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |
| **MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC** | **PEARSON EDUCATION, INC.** |
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Que Publishing<br>Sams Publishing |
| **ELSEVIER INC.** ||
| Academic Cell<br>Academic Press<br>Amirsys<br>Butterworth Heinemann<br>Churchill Livingstone<br>Digital Press<br>Elsevier<br>Gulf Professional Publishing<br>Hanley & Belfus<br>Knovel | Made Simple Books<br>Medicine Publishing<br>Morgan Kaufmann Publishers<br>Mosby<br>Newnes<br>North Holland<br>Saunders<br>Urban & Fischer<br>William Andrew<br>Woodhead Publishing |

## APPENDIX B: PLAINTIFFS' TRADEMARKS

| Plaintiff | Trademark(s) | Trademark Registration(s) |
|---|---|---|
| Cengage | Cengage Learning | 3,603,376 |
| Cengage | Brooks Cole | 3,386,242 |
| Cengage | Cengage | 3,603,349 |
| Elsevier | Elsevier | 749,444 |
| Elsevier | MK | 2,114,270 |
| Macmillan Learning | Macmillan Learning | 5,599,332 |
| Macmillan Learning | Macmillan | 969,205 |
| McGraw Hill | McGraw Hill | 2,899,528 |
| McGraw Hill | McGraw Hill Education | 4,664,267 |
| Pearson | P | 5,130,854 |
| Pearson | Always Learning | 4,708,487 |
| Pearson | Pearson | 2,599,724<br>2,600,081<br>2,652,792<br>2,679,355<br>2,691,830 |
| Pearson | Addison Wesley | 2,188,798 |