UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MCGRAW HILL LLC; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC; PEARSON EDUCATION, INC.; AND CENGAGE LEARNING, INC.,

   Plaintiffs,

     v.

RAUNI PUJOLS,

   Defendant.

Civil Action No. 20-cv-356-LJL

**FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT RAUNI PUJOLS**

Plaintiffs McGraw Hill LLC ("McGraw Hill"), Pearson Education, Inc. ("Pearson"), and Cengage Learning, Inc. ("Cengage") (collectively, the "Plaintiffs") filed a complaint against Rauni Pujols ("Defendant"), alleging claims of infringement pursuant to the Copyright Act, 17 U.S.C. § 101, and trademark counterfeiting pursuant to the Lanham Act, 15 U.S.C. § 1114. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I.   **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. Each party shall bear its own costs and expenses, including its attorney's fees.

II.   **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follows:

    a. Defendant, his officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Permanent Injunction, are enjoined from:

        a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[1];

        b. Directly or indirectly infringing any of Plaintiffs' Marks[2];

        c. Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks; and

        d. Knowingly (i.e., with actual knowledge or reason to know) enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, reproduce, import, distribute, offer for sale, and/or sell infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks.

**III.** **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Permanent Injunction. Without limiting the foregoing, in the event Plaintiffs discover any new storefronts owned or operated by Defendant in violation of any of the terms of

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, including instructor solutions manuals, instructor resource manuals, or test banks, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether published in the United States or abroad.

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates, predecessors, successors, and assigns, whether used in commerce in the United States or abroad.

this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

**IV.** **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this matter as to Defendant Rauni Pujols.

SO ORDERED.

Dated: ___April 20___, 2023

```
                                         _____
                                              LEWIS J. LIMAN
                                         United States District Judge
```